Case 2:19-cv-00226-SCJ   Document 5234S   Page 1 of 1

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 16 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM CHRISTOPHER GIBBS<br>Fannin Cty. #5150<br>Plaintiff, | REDDRESS PETITION<br>CIVIL RIGHTS COMPLAINT |
| versus | BIVENS ACTION<br>28 U.S.C. § 1331 |
| RYAN K. BUCHANAN, et. al.,<br>Defendants. | CIVIL ACTION NO.<br>2:19-CV-00226-SCJ-JCF |

## OBJECTIONS TO REPORT AND RECOMMENDATIONS BY MAGISTRATE JUDGE

I, Plaintiff, William Christopher Gibbs, before this Court Pro Se, object categorically, in enumeration to the recommendations of dismissal, I object categorically, in earnest regard, and to simplify and refocus, and furthermore, ask to move your honor, to refocus, reddress, and emend the wrongs on the record *United States v. Gibbs, No. 2:17-cr-5-RWS* (N.D. Ga. Sep. 21, 2018) and before this Court. I ask in prayer for your Courts Capacities to employ empathy, and emphasis on liberty and justice. I'm asking the Court to acknowledge the facts and truth of the situation, focus on the Constitution, its violations, and the bainful cause of distress, damages and ruin because, of failure to apply due process of Constitutional Rights in the claim set forth. In support of the above, Plaintiff sets forth the forgoing enumerated reasons in grounds of objection and supporting facts to show good cause why this action to reddress should not be dismissed

A. Ground One: As the initial matter, the Magistrate Judgment asserts, that a "Plaintiff cannot assert offical-capacity claims under Bivens, nor can a Plaintiff maintain a claim against the United States". To this the Plaintiff objects with supporting facts in opposing argument: The Plaintiff believes all the Defendants necessary and their official-capacities Jurisdictional Authority necessary upon this action to provide reddress; The United States of America, as a Judicial Incorporation has official-capacity of maintaining, storing and collecting and the authority over all its Official Record.; The United State Attn. General has official-capacity through Aministrative Jurisdiction to reddress and emend the United States Judicial Record.; The United States Attn. Prosecutor, offical-capacity, authored and authorised the Indictment, *United States v. Gibbs*, No. 2:17-cr-5-RWS (N.D. Ga. Sept. 21, 2018); and Assistant United States Prosecutor, Ryan Buchanan, over prosecution, has official-capacity, obligations to have a correct and accurate record within the disposition and determination of fact of the case.

B. Ground Two: Secondly, the Magistrate Judgment asserts, add while the complaint for reddress specifies in the heading of each claim that it is brought all Defendants, the complaint for reddress does not identify what acts or omissions by each Defendant allegedly violated his Constitutional Rights. The Magistrate Judge further asserts, this is a form of complaint requesting reddress, and "is a form of "shotgun pleading" that Courts in this Circuit "have" condemned repeatedly". To this the Plaintiff objects with supporting facts in opposing argument: In Claim (1) requesting reddress

and emend the wrongs on the record. Plaintiff charged the USA as being the agency with ownership and control of Plaintiff's record; The Attn. Gen. of the US having Jurisdictional Administrative Authority to change the record; The U.S Attn. of being the Indictment Author; and Ryan Buchanan Assistant Prosecuting U.S. Attn, charged with moving forward and prosecuting the case. Clame(1) attempts to show forth its reason with good cause shown with substantial evidence to declair the record void. It comes before this court as a Prima facie case of liability, and in attempt to change its adament conviction upon the Plaintiff it places without due-process. By the adament autocratic permanence of its dispotism its unconstitutional within its writ. The indictment without due process convicts Plaintiff for possession of ricin completely upon record, without fair opportunity to repel it. The indictment and case denies to the Plaintiff the protection of the laws and by such denial takes away the liberty of the Plaintiff without due-process, and denies the Plaintiff Justice and the fundamentals of fairness. Unless the protecting clauses of the fourth, fifth, sixth and fourteenth amendments have become a mere rope of sand in no manner restraining this action, they compel the conclusion that this indictment and record transends the power of the rights privileges and immunities of the Plaintiff, secured and protected by the Constitution and law of the United States, and therefore the Possession of Ricin upon record must be declaired

void, stricken from all record, completely removed. *United States v. Romano*, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965) ("It may be, of course, that Congress has the power to make presence of an illegal still a punishable crime, but we find no clear indication that it intended to so exercise this power." The "crime remains possession", not presence, and with all due deference to the judgment of Congress the "former may not constitutionally be inferred from the latter.") This is a adament problem upon the record from lack of due process, and furthermore it convicts the Plaintiff on the State level by its libel.

In Claim (2) request for compensation. Plaintiff charges all Defendants over having Jurisdiction over the record, and jurisdiction to change that record. Beleiving the Court would infer the acts or omissions of the defendant by their capacitys involved with the prosecution of the Indictment and case. Clame (2) is in request for compensation for violation of the fourth, fifth, sixth and eighth amendments in the sought prosecution of a case lacking crime, and probable cause to seize, arrest, detain and imprison Plaintiff, and his property in violation of protections of the fourth amendment clauses. The Prosecution of this case violated due process of the fifth amendment and without Judicial Determination convicted by Prima facie the liability charging and convictings the Plaintiff primarily upon record of possession of ricin without due process to entitle the prosecuter to such verdict. Depriving

Plaintiff of his life, liberty and property to this day without due process, and furthermore violating the right to trial, and to be accused of Possession of Ricin before a record of commission, and conviction in violation of protecting clauses of the Sixth amendment requiring the right to repel and the ability to defend from any criminal accusation, last but not least the prosecution placed a motion of detainer upon the Plaintiff depriving Plaintiff of his right to bail and sought further the further prosecution of a case without no crime to prosecut and and inflicted unusual punishments of pre-trial detainer and imprisonment without crime found, and under the fifth amendment clause of and right to just compensation Plaintiff seek amount for the damages and the release of all property and liberty without Jurisdiction of the federal Government to hold. Plaintiff seeks just compensation for all damages accruing from the 18 month prosecution that was without probable cause and crime.

Claim (3) request for reddress also charges all Defendant's over having Jurisdiction over the record, and Jurisdiction to change that record. Beleiving the Court would infer the acts or omissions of the Defendants by their capacitys involved in the prosecution and Indictment of a Case. Claim(3) go's over the U.S. Prosecutor Writing a Indictment Pro forma accusation, before any evidence found the sufficient grounds necessary to charge the crime. The Prima facie of the Indictment

made a conclusion that the Plaintiff was in possession of ricin as a fact, and made the allegation of crime having or not having the proper regestration or licence to possess. In its attempt to prosecute, it became an attempted malicious prosecution when the evidence supporting its dismissal was not immediatly took into full concideration. The questions to impose upon are; at what point in time did he "Ryan Buchanan personally have a problem with me, because he statedcd the U.S.A never did and the U.S. never found no crime to charge.; At what point in time did the factual points of the indictment lose their validity 18 months later. IF it was never Ricin there was never probable cause for the indictment.; How do we know there was no probable cause;.Because 18 months later 'he' assured the U.S. their was none.; If there was no evidence to try, there was obviously no probable cause to search seizure arrest detain kidnap prosecute and imprison, and farther mislead the State for a sub- -sequent attempted prosecution.; Saying it was factualy Ricin on the indictment, but 18 months later was not true. The miscarrage of fact, saying it was one thing, 18 months later it wasint.; The found evidence that the U.S. found no crime, that it wasint ricin should aquitt Plaintiff of the indictments factual statement (Possession of Ricin) description saying it was ricin. I doesint matter if it was regestered, or not. What matters is it was Ricin or it was not. Licience and Registration is nihil and void.; At what point in time did U.S. Assistant Prosecutor

Ryan Bachanan learn that there was no crime to charge and acted individually within his official-capacity to proceed in an attempt to maliciously prosecute anyway. The record, no matter of aequittal, dismissal our guilt with its libelous writ the dismissal still cripples my life with a permant handycap for actual possession of ricin without conviction.

Claim(4) Plaintiff charges the all Defendents' over having Jurisdiction over the recored, and Jurisdiction to change that false record. Believing the Court would be able to infer the acts or omissions of the Defendents' by their capacity involved in the prosecution and indictment of the case. Clame(4) requesting reddress, further sterks how the libelous misproception, and miscreated application of labls disinfomation portrayed to be something it isint has caused damages in its writ without due process. Incriminating and prosecuting the Plaintiff on a state level where possession of ricin is a crime under OCGA 16-7-86.

Clame(5) Plaintiff charges all Defendent's over having Jurisdiction over the record and Jurisidiction to change the false record. Claime(5) to the extent a lack of probable cause led to the search and seizure of plaintiffs property without the necessary due-process to find crime.

Claim(6) Plaintiff charges all Defendents over having Jurisdiction over the record and Jurisdiction to change the false record. Claim(6) Plaintiff asserts that

because of the United States never finding crime to charge for a Initiation of a prosecution, the United States lacked Jurisdiction over the plaintiff, and Plaintiff should have been immediately released when the Assistant Prosecutor Ryan Buchanan found there was no crime. From the time no crime was found up till the end of the attempted prosecution violated the Plaintiffs constitutional right to be free from crule and unusual punishment. Up to this day the Plaintiff is still being punished and charged with Possession of Ricin on the record unlawfully. As a matter of fact this wrongfull arrest suit and request has been filed against the United States for its lack of probable cause, arrest, indictment or detainment. Its ensueing adament libelous indictments authorship, fallaciously in elaboration clames to the Nation, State and locals that I was in possession of military grade ricin. A weapon of mass destruction. This inputes impropriety, forever attached a weapon of mass distruction to my person and in its records permanence still is causing crule and unusual punishments today, it endangers Plaintiff with its attachment of the worlds most dangerous substance on the face of this earth. In suit for its libelous wrongful record and arrest in lack of evidence of crime. Plaintiff is seeking a inargumentive sum of five million eight hundred thousand dollers for compensatory damages from the AUSA US Assistaint Prosecutor Ryan Buchanon acting individually within his official capacitys being the cause of the damages and need for reddress upon the official record and the

United States Prosecutor, Pro Forma writ of the Indictment although Plaintiff does not know what official wrote the indictment.

Claim (7) Plaintiff seeks damages from all Defendant over having Jurisdiction over the record and Jurisdiction to change the false record. Believing the Court would infer the acts or omissions of the Defendents by their capacitys involved with the prosecution of the Indictment and case. Claim (7) Plaintiff seeks damages from the iniation of attempted prosecution By the US Prosecutor and Assistant United States Prosecutor. Never finding any crime it was a attempted malicious prosecution to persue prosecution in the first place. Prosecutors acted as individuals ~~[struck]~~ in there official-capacitys knowing their was no crime to charge.

Claim (8) Plaintiff seeks some type of relief from all the Defendants over having Jurisdiction over the wrong record, and Jurisdiction to change the false merets of the record. Plaintiff believed it being this Courts record, that the Court would infer the acts or omissions of the Defendants by the participations of their capacitys involved with the prosecution of the indictment and case. upon its own record. Claim (8) Plaintiff seeks relief from the false merets of the record and, its malicious libel~~ous~~ and inferences to be drawn therefrom, its libel by implication raising Possession of Ricin as a genuine fact issued in its record as a matured fact of its merits. Because of this it has givin ground

to the Prosecutors of the State utilizing the false record to prosecute Plaintiff on the grounds that I, by record was in possession of ricin. Its misleading defamation has led to all news media outlets, and prosecutors of the State to mislabel Plaintiff as a terrorist by its misleading incorrect false merits upon the case record. Defamation like this has shown remarkable stamina in the teeth of centuries of acid criticism.; this meaning is defamatory because it tends to injure the reputations and expose them to public hatred, contempt and ridicule; defamatory publication in this case generally involved a matter of public concern. (Plaintiff being in actual Possession of Ricin, a actual weapon of mass destruction); law defamation is a threshold requirement for which a publication of 'false' statement of fact to a third party. The fact must be defamatory (Possession of Ricin) concerning the Plaintiff, and the publisher must make the statement with the requisite degree of fault. *No 2001 U 59 State of Utah* (for, as the woman said, she would never grieve to be told of her red nose if she had not one indeed.) The passage of the First Amendment to the United States Constitution did not intentionally diminish the use of criminal defamation statutes: Thus the Sedition Act of 1798 made unlawful writing, publishing or speaking, anything "false, scandalous and malicious... against government... or the President... with intent to defame

or to bring them... into contempt or disrepute..." This unproper act was not long in existance, but was never held unconstitutional. Further, it has been not been orthodox constitutional doctrine that the First Amendment was intended to bar criminal defamation, although some of our most eminet judges have believed it was. The primary substantive reform by the American States was to modifig the rule that truth was no defence. Most states... made truth a defence so long as the otherwise defamatory statement was utterd with good motives and for a Justifiable end. In Plaintiff's case in issue, the end didint seerve the means and by all means of Possession of Ricin has no end because of the record permanence. Its defamatory and its fault lies upon the Government to change it, its injurous, dangerous and has led to a mass publication gigantic proportions it has labeled plaintiff many things and has entitled the State to utilize its mispublications to label plaintiff a terrorist and furthermore Possession of Ricin is a crime under OCGA 16-7-86 and without due process convicts the plaintiff by its Prima facie upon federal record.

C. Ground Three: Thirdly, the Magistrate Judge asserts that this complant for request of reddress should be condemned and dismissed. To this the Plaintiff objects. Your Honor there is genuine issue here

before your Court, all problems stemming from the false record and its ~~correct~~ unconstitutional primary face ~~misleading~~, defaming and damaging the Plaintiff future. by misleading all read it and its ~~misappropriation~~ misappropriation of the honest facts. To correct one would be to correct the whole. Plaintiff brings this action before your Court today to fully pardon him from the false record.

D. Ground Four: Magistrate Judgment asserts that clames within the complaint requesting the government to reddress could liberally be construed to raise a clame for malicious prosecution against AUSA Buchanan related to Plaintiff's Criminal proceedings in Case No. 2:17-cr-5-RWS, prosecutors are entitled to absolute immunity from damages for acts or omissions associated with Judicial process, ~~which~~ which includes the initiation of prosecution. To this the plaintiff objects to the point that at what point in time did the prosecutor know there was no crime or jurisdiction over the ~~Plaintiff~~ Plaintiff to prosecute. When did the usual proceeds of prosecution turn into malicious prosecution and when did AUSA Buchanan know there was no grounds to prosecute but attempted to maliciously prosecute Plaintiff anyway. If there is no such thing as attempted malicious prosecution why does the word exist Judicially and if, it isint a action in which civil law had jurisdiction to sufficiently deter such acts

is that to say these Courts condone and promote it with immunitys.

E. Ground Five: The Magistrate Judge asserts; to the extent that Plaintiff's clames reguarding the failure to return unspecified property could liberally construed to alleged violations of his procedural due process rights, these clames are vagus, conclusory, and fail to state a claim. To this the Plaintiff obvects. The Plaintiff want all his Property that the united States never had Jurisdiction and probable cause to search or seize in the first place or turn over to the State for sebsequent prosecution of the Same case.

WHEREFORE Plaintiff prays the Court emend reddress and fix its record within its Jurisdiction and take into concideration that the Plaintiff isin't a lawyer the Plaintiff doosht speak Latin, Litigation Law, Plaintiff Just speaks American and wile some clames maybe misproportioned there is a genine problem within the record before your court today. The Plaintiff est for lenincey and be giv'in all the longitude and latitude he can. Understand the Plaintiff has no other choice, but has to try to get the record covracted and get the handycap that cripples my future corrected. Its not about suieing your Honor although damages are Seveer abd Plaintiff worggs about future employment because of the false record and its handycaps upon him. I beleve if the

Courts will look they will see the United States is not intitled to convict the Plaintiff with Possession of Ricin without due process and understand that all other issues stem from that very problem. That Plaintiff should be given the Justice to have it corrected and the estimation of damages took into consideration before this court and the unjust handycap placed on Plaintiff because of the record removed and the Plaintiff exhornorated fully from Possession of Ricin.

Respectfully submitted this 11th day of February, 2021.

*William Christopher Gibbs*

William Christopher Gibbs
Plaintiff Pro. Se.
Fannin County Jail
645 West First St.
Blue Ridge, GA 30513