# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM CHRISTOPHER GIBBS,  :<br>    Plaintiff,                :<br>                              :   CIVIL ACTION NO.<br>v.                            :   2:19-CV-0226-SCJ<br>                              :<br>RYAN K. BUCHANAN, et al.,     :<br>    Defendants.               :  | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant action be dismissed. [Doc. 18]. Plaintiff has filed his objections in response to the R&R. [Doc. 20].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

Plaintiff, an inmate at the Fannin County Jail in Blue Ridge, Georgia, has filed an amended pro se civil rights complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] In his amended complaint, Plaintiff sues the United States Attorney for this District, an assistant United States Attorney, and the United States Attorney General in their official and individual capacities. According to Plaintiff, Defendants defamed him by indicting him for possession of ricin, Defendants were negligent in publishing the defamatory statements, Defendants have failed to return his property, and Defendants subjected Plaintiff to cruel and unusual punishment by indicting him for a baseless crime. Plaintiff seeks a range of declaratory and compensatory relief.

Plaintiff was charged in United States v. Gibbs, Action No. 2:17-CR-005-RWS (N.D. Ga.). Taking judicial notice of the record in that case, see Gibbs, 2:17-CR-005-RWS, Report and Recommendation of Mar. 14, 2018, Docket Entry 44, on February 2, 2017, Plaintiff appeared at the Fannin Regional Hospital and reported

---

[1] Plaintiff used a 42 U.S.C. § 1983 form for filing his complaint. However, as he sues only federal officials, his claims are more properly brought under Bivens. This Court additionally notes that, given the fact that he raises non-constitutional torts in his complaint, Plaintiff has not pled that he presented an administrative claim, and he thus has failed to establish this Court's jurisdiction under the Federal Tort Claims Act as required by 28 U.S.C. § 2675(a). See Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir.1993) ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."). As a result, this Court must analyze his claims under Bivens.

that in attempting to manufacture ricin from castor beans, he had gotten some of the substance on himself. The hospital called the police who went to the hospital, received Plaintiff's permission to search his car, and found what they suspected to be ricin in a bottle they discovered in Plaintiff's car. The police informed the Federal Bureau of Investigations who arrested Plaintiff for violating 18 U.S.C. § 175b(c) by possessing ricin. However, as it happened, § 175b(c) as written criminalized the possession of substances listed in 42 C.F.R. §§ 73.4, 73.5, and three months after Congress had passed the then-latest version of § 175b(c), the Department of Health and Human Services (HHS) reformatted its regulations in a manner that left ricin off of the list on 42 C.F.R. §§ 73.4, 73.5. In other words, HHS had inadvertently decriminalized the possession of ricin, and this Court, relying on the plain reading of § 175b(c), granted Plaintiff's motion to dismiss the indictment. Gibbs, 2:17-CR-005-RWS, Order of Sept. 21, 2018, Docket Entry 71. However, this Court went on to note that

> the possession of ricin is not a wholly legal endeavor. To the contrary, 18 U.S.C. § 175(a) provides:
>
>> Whoever knowingly develops, produces, stockpiles, transfers, acquires, retains, or possesses any biological agent, toxin, or delivery system for use as a weapon, . . . or attempts, threatens, or conspires to do the same, shall be fined under this title or imprisoned for life or any term of years, or both.

3

> In assessing the constitutionality of this provision under the vagueness doctrine, the Eleventh Circuit held, "The statute provides a person of ordinary intelligence with fair warning that possessing castor beans, while knowing how to extract ricin, a biological toxin, from the beans, and intending to use the ricin as a weapon to kill people, is prohibited." United States v. Crump, 609 F. App'x 621, 622 (11th Cir. 2015) (citing United States v. Lebowitz, 676 F.3 d 1000, 1012 (11th Cir. 2012)).

Gibbs, 2:17-CR-005- RWS, Order of Sept. 21, 2018, Docket Entry 71 at 6 n.2. The Government, however, apparently decided not to indict Plaintiff for a § 175(a) violation, and the federal criminal action was dismissed.

In the R&R, the Magistrate Judge recommends that, to the degree that Plaintiff's complaint could be construed to raise constitutional claims, the complaint be dismissed because (1) he cannot pursue relief under Bivens against officials in their official capacity, Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70-72 (2001), (2) prosecutors are immune from liability under Bivens for acts or omissions associated with the judicial process, which includes the initiation of a prosecution, Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000), and (3) supervisory officials—i.e., the Attorney General and the United States Attorney—cannot be held liable under Bivens on a respondeat superior or vicarious liability theory, Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). The Magistrate Judge further concluded that Plaintiff's claim that officials failed to return his property is vague and conclusory as Plaintiff has not

identified the property that was allegedly taken or by whom, and he has failed to demonstrate that he is entitled to retain that property.[2]

This Court also points out that the Bivens remedy has been recognized by the Supreme Court in three contexts: a Fourth Amendment case involving a search and seizure by law enforcement officers, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment, Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017), and expanding the Bivens remedy beyond those contexts "is now a 'disfavored' judicial activity." Id. at 1857. The remedy has not been applied to a case against prosecutors for improperly maintaining a prosecution, and there are certainly factors—notably the immunity of prosecutors—that counsel against expanding the remedy to such a case in the absence of affirmative action by Congress. See id. at 1857-58 ("[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."). This Court thus holds that Plaintiff has failed to state a claim under Bivens.

---

[2] In any event, this Court takes judicial notice of the fact that Plaintiff has already sought the return of his property in the criminal action, and this Court ruled that "the Government has satisfied its obligations as to the property." Gibbs, 2:17-CR-005- RWS, Order of Oct. 29, 2019, Docket Entry 78.

AO 72A
(Rev.8/82)

Plaintiff's objections are difficult to decipher because he uses the heavy legalese often employed by pro se litigants to express himself. The majority of his arguments simply restate his claims and do not address how he contends that the Magistrate Judge erred. His contention that the Attorney General and the United States Attorney are subject to official capacity claims does not recite a recognized legal theory, and his argument that the severity of the prosecutors' actions somehow overcomes prosecutorial immunity is simply unavailing. As to his contention that the Magistrate Judge erred in concluding that his claim for return of his property was conclusory, Plaintiff continues to fail to allege what property of his was taken by the Government or explain why it should be returned to him.

Having reviewed the record, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 18], is hereby **ADOPTED** as the order of this Court, and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 23rd day of February, 2021.

s/Steve C. Jones<br>
HONORABLE STEVE C. JONES<br>
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)